UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY SMITH,

    Petitioner,                                        Case No. 11-12481

v.                                                             Honorable Thomas L. Ludington

PAUL KLEE,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Anthony Smith, confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Wayne County Circuit Court of two counts of first-degree criminal sexual conduct, Mich. Comp Laws § 750.520b(1)(a); and one count of second-degree criminal sexual conduct, Mich. Comp Laws 750.520c(1)(a). Petitioner was sentenced to six years, nine months to sixteen years, six months imprisonment on the first-degree criminal sexual conduct charges, and five to fifteen years in prison on the second-degree criminal sexual conduct charge. It is difficult to discern Petitioner's habeas claims, but it appears that Petitioner is contending that he was deprived of a fair trial when the trial court admitted prior bad acts evidence and that the verdict was against the great weight of the evidence. Petitioner may also be attempting to raise additional claims. The respondent has filed an answer to the petition, asserting that the claims lack merit or are procedurally defaulted. The Court agrees that Petitioner's claims are either meritless or procedurally defaulted, and the petition will be denied.

I.

Petitioner was convicted of the offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was convicted of sexually assaulting his daughter when she was 10 or 11 years old. The victim testified that on two separate occasions when she was in the fourth grade, defendant came into the bedroom, pulled down her pants and underwear, and penetrated her vagina with his penis. During one of the incidents, defendant also touched her chest under her shirt. At trial, the victim's stepsister, LL, testified that she formerly lived with defendant when she was between the ages of 11 or 12 years old and 15 years old. LL testified that defendant exposed his penis to her on three occasions while they lived together. The trial court admitted the evidence under MRE 404(b)(1). [1]

*People v. Smith,* 282 Mich. App. 191, 193-94; 772 N.W. 2d 428 (2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 485 Mich. 933; 773 N.W. 2d 728 (2009)(Table).

Petitioner subsequently filed a motion for a new trial, which was construed by the trial court as a post-conviction motion for relief from judgment and denied. *People v. Smith,* No. 05-5879-01 (Wayne County Circuit Court, June 16, 2010). There is no indication that Petitioner ever appealed the order denying his post-conviction motion to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner then filed a petition for writ of habeas corpus with the United States District Court, which was dismissed without prejudice because Petitioner had failed to exhaust his state court

---

[1] Because the witness testified about incidents that occurred when she was a minor, the Michigan Court of Appeals referred to her by her initials only. This Court will likewise refer to her in the same manner. Because the victim here was a minor, the Court will also refer to her by her initials also in order to protect her privacy.

remedies with respect to several of the claims that he raised in that petition. *See Smith v. Bell,* U.S.D.C. No. 2:10-CV-13015(E.D. Mich. August 16, 2010)(Murphy, J.).

Petitioner has once again filed a petition for writ of habeas corpus. As mentioned above, it is difficult to decipher Petitioner's claims from his petition and other pleadings. It appears that Petitioner seeks habeas relief on the following two grounds:

> I. The trial court erred in admitting prior bad acts evidence at trial.
>
> II. Whether Petitioner's conviction went against the great weight of the evidence.

Although it is unclear whether Petitioner is seeking habeas relief on these claims in his petition, Petitioner does make the following allegations in the body of his petition and the other pleadings that he has filed with this Court:

> I. Trial counsel was ineffective for waiving the preliminary examination and for failing to investigate whether L.L.'s father was having an affair with L.S.
>
> II. The trial judge was biased against Petitioner.
>
> III. The trial court failed to provide the trial transcripts to appellate counsel to perfect the appeal.
>
> IV. Petitioner was deprived of his right to present a defense.
>
> V. Petitioner was deprived of the effective assistance of appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) ((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

#### A.  Claim # 1.  The prior bad acts evidence claim.

Petitioner first argues that evidence of three prior incidents of indecent exposure on his part towards L.L. was admitted solely to establish Petitioner's propensity to commit the charged offenses, in violation of Michigan Rule of Evidence 404(b).  Petitioner further alleges that this evidence was also more prejudicial than probative and hence should not have been admitted under Mich. Comp. Laws §768.27a.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated Michigan Rule of Evidence 404(b) or any other provision of state law by admitting evidence of his prior indecent exposures against L.L. is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F 3d 514, 519 (6th Cir. 2007); *Estelle*, 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. United States*, 493 U.S. 342, 352-53 (1990) (admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against Petitioner at his state trial does

not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003); *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Given the lack Supreme Court authority on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish Petitioner's propensity to commit criminal acts, the Michigan Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Carey v. Musladin*, 549 U.S. 70, 77 ( 2006).

To the extent that Petitioner contends that evidence of the prior indecent exposures should have been excluded under M.R.E. 403 for being more prejudicial than probative, he likewise would not be entitled to habeas relief. Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001).

The Michigan Court of Appeals concluded that the evidence of the prior indecent exposures was admissible because the incidents supported "a finding that the charged and the uncharged acts were part of defendant's common plan or system to act out sexually with preteen girls living in the same household, over whom he had parental authority." *Smith*, 282 Mich. App. at 197. Although acknowledging that there were differences between the charged and uncharged acts, the Michigan

Court of Appeals noted that "both victims were approximately the same age at the time of the events, and both were in a father-daughter relationship with defendant." *Id.* The Michigan Court of Appeals further concluded that the probative value of this evidence was not substantially outweighed by unfair prejudice to Petitioner. *Id.,* at 198.

The Michigan Court of Appeals' decision was not unreasonable, because the evidence of Petitioner's prior indecent exposures against a minor child whom he had parental authority over was arguably more probative than prejudicial to establish that Petitioner had a plan or scheme of acting out sexually with preteen girls that he either lived with or exerted parental authority over. Because the state court's determination that the prior indecent exposures were more probative than prejudicial was reasonable, Petitioner is not be entitled to habeas relief on his claim. *Clark,* 257 F. 3d at 503.

### B.  Petitioner's remaining claim or claims are procedurally defaulted.

In his second claim, Petitioner contends that the verdict went against the great weight of the evidence. Although unclear, Petitioner may also be attempting to raise claims alleging that the trial judge was biased, that he was deprived of the right to present a defense, that the trial court denied his appellate counsel the trial transcripts to perfect the appeal, and that Petitioner was denied the effective assistance of trial and appellate counsel.

The respondent contends that Petitioner's great weight of the evidence claim is procedurally defaulted because he raised this claim in his post-conviction motion for relief from judgment before the trial court, but never appealed the decision denying that motion to the Michigan appellate courts. The respondent argues that since Petitioner no longer has an available remedy with which to exhaust this claim, the claim is procedurally defaulted.

To the extent that Petitioner is attempting to raise additional claims in his petition, this Court likewise notes that they were never properly exhausted with the state courts.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29. Petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner's great weight of the evidence claim was never exhausted with the Michigan courts, because although Petitioner raised this claim in his motion for relief from judgment, he did not appeal the decision denying this motion to the Michigan appellate courts. There is no indication from the Michigan Court of Appeals' website or from Westlaw that Petitioner ever appealed the denial of his post-conviction motion to the Michigan Court of Appeals or the Michigan Supreme Court.[2] A decision denying a motion for relief from judgment is reviewable by the Michigan Court

---

[2] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's

of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *see Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, Petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell*, 464 F. 2d 639, 644-45 (6th Cir. 1972).

A criminal defendant in Michigan has twelve months from the date of the order denying a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. Mich. Ct. R. 6.509 (A); Mich. Ct. R. 7.205(F)(3). Because the trial court denied the post-conviction motion on June 16, 2010, Petitioner had until June 16, 2011 to file an appeal from the denial of this motion to the Michigan Court of Appeals. Because Petitioner failed to complete the appellate process for his post-conviction motion, he failed to satisfy the exhaustion requirement with respect to his great weight of the evidence claim. *See, e.g.*, *Paffhousen v. Grayson*, 238 F.3d 423 (Table), No. 2000 WL 1888659, *2 (6th Cir. Dec. 19, 2000); *Mohn v. Bock*, 208 F. Supp. 2d at 800.

Petitioner's ineffective assistance of trial and appellate counsel claims were not raised on his direct appeal before the Michigan Court of Appeals, being raised for the first time in his application and amended application for leave to appeal before the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.*, 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, Petitioner's failure to raise the ineffective assistance of counsel

---

website. *See e.g.*, *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003).

claims in his direct appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the new issues that Petitioner raised in his application for leave to appeal before that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present his ineffective assistance of counsel claims on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006); *Schroeder v. Renico*, 156 F. Supp. 2d 838, 844, n.5 (E.D. Mich. 2001).

Any claims by Petitioner that the judge was biased and that he was deprived of the right to present a defense were never presented to the state courts at any time.

Moreover, although Petitioner's first habeas petition was summarily dismissed to permit him to return to the state courts to exhaust his ineffective assistance of counsel claims by seeking to file a supplemental motion for relief from judgment, Petitioner never availed himself of that option prior to the time that the one year period for appealing the denial of his original motion for relief from judgment had expired.

In summary, none of Petitioner's remaining claims have been properly exhausted with the state courts.

Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*,

149 F. App'x 414, 418 (6th Cir. 2005); *Mohn v. Bock*, 208 F. Supp. 2d at 801; *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884 (1998)). However, Michigan Court Rule 6.502(G)(2) provides that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks*, 149 F. App'x at 418; *Mohn*, 208 F. Supp. 2d at 801; *Hudson*, 68 F. Supp. 2d at 800-01.

Petitioner no longer has an effective state remedy to exhaust his remaining claim or claims because the Michigan Court Rules prohibit filing second or successive motions for relief from judgment, *see* Mich. Ct. R. 6.502(G)(1), and Petitioner cannot satisfy either of the two exceptions to this rule, namely, a retroactive change in the law or newly discovered evidence. Mich. Ct. R. 6.502(G)(2). *See Mohn*, 208 F. Supp. 2d at 800-01.  Therefore, Petitioner is barred from pursuing an otherwise available state court remedy, and his claims must be deemed exhausted by this Court. *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)(citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).

The Court may review Petitioner's procedurally defaulted claim or claims on the merits only if he demonstrates prejudice and shows cause for not raising his claim or claims at all levels of state court review, or that he is actually innocent of the crimes for which he was convicted. *Gray*, 518 U.S. at 162; *Hannah v. Conley*, 49 F. 3d at 1196, n.3; *Mohn*, 208 F. Supp. 2d at 801.

Although Petitioner alleges that his appellate counsel was ineffective on his direct appeal, this would be insufficient cause to excuse Petitioner's default.  While ineffective assistance of appellate counsel might excuse Petitioner's failure to raise these claims on his direct appeal, it does not excuse Petitioner's failure to correctly exhaust these claims in his post-conviction proceedings.

*See Gadomski v. Renico*, 258 F. App'x 781, 784 (6th Cir. 2007). A habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley*, 49 F. 3d at 1197.

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his claims. *Smith v. Murray*, 477 U.S.527, 533 (1986); *Long v. McKeen*, 722 F. 2d 286, 289 (6th Cir. 1983).

In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must also show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Petitioner has presented no new reliable evidence to establish that he is actually innocent of these crimes. Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review Petitioner's procedurally defaulted claims on the merits. *See Wolfe v. Bock*, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37.

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if Petitioner shows that jurists of reason would find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When the district court appropriately relies on a plain procedural bar to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal

would be frivolous. *See* Fed. R. App. P. 24(a).

V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

            s/Thomas L. Ludington
            THOMAS L. LUDINGTON
            United States District Judge

Dated: June 1, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Anthony Smith, #603827, Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, Michigan 49221, by first class U.S. mail on June 1, 2012.

        s/Tracy A. Jacobs
        TRACY A. JACOBS